UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:
One 57 79, Inc.                                    Case No.: 17-18433-RAM
                                                   Chapter 11

_____Debtors/

UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTOR'S APPLICATION TO EMPLOY CONFIDENTIAL GLOBAL INVESTIGATIONS, INC. AND ROBERT SEIDEN, ESQ. AS CHIEF RESTRUCTURING OFFICER (ECF 18)

Guy G. Gebhardt, Acting United States Trustee for Region 21, files this objection to the Court's consideration of, or entry of relief on Debtors' Emergency Application for Employment of CGI and Robert Seiden as Chief Restructuring Officer CRO (the "Application"), and in support states as follows:

BACKGROUND

1. On July 3, 2017 an involuntary petition for relief was filed by Campion Maverick against the Debtor. (ECF 1). Attached to the Involuntary petition are documents signed by Ali Farooq as CEO of Campion Maverick dated June 20, 2017.

2. On July 28, 2017, the Debtor filed its Motion to Convert to Chapter 11 (ECF 8).

3. At the hearing on the Motion to Convert held in the related case of Earnshaw, Case No. 17-198432 on July 27, 2017, Debtor's proposed counsel made various representations about the case, including the retention of the CRO and the return of the vessel (arguably the most valuable asset in the Earnshaw case) to US Territory, neither of which occurred. The Court was also advised of the pending forfeiture action filed against the assets of Debtor, including the vessel, pending in the United States District Court, Southern District of Texas, Houston Division. A copy of the Forfeiture Complaint is attached as an Exhibit to ECF 25.

4. Now, almost four weeks later, the Debtor filed its Emergency Motion to retain the very CRO the Debtor said it was prepared to retain on July 27, 2017. The Emergency basis for the motion was not because the Galactica Star had not been returned to US Waters as promised, but because the Debtor would like the CRO to attend the Initial Debtor Interview with the office of the United States Trustee. In fact, upon information and belief, the Galactica Star has now been detained in Mexico and is the subject of litigation in that country. Who commenced that litigation as well as when the debtor knew about it will be the subject of further discovery. Has the Debtor retained counsel and filed a responsive pleading in that litigation?

5. As was described at the hearing on July 27, 2017, Ali Farooq, the CEO of the petitioning creditor, is also the managing member of Lightray Capital (Lightray"), a chapter 11 Debtor also pending in this court, Case No. 17-19338 RAM. Ligthray's sole asset is the stock of Earnshaw which it purportedly acquired in exchange for a $50 Million Note Payable to Indigo Wealth Management as the nominee of Kolawale Aluko. Mr. Aluko is also the subject of an involuntary petition filed by Campion Maverick at the direction of Ali Farooq (Case No. 17-19348 RAM). See ECF 35 and 35-1 for more information regarding Mr. Aluko.

6. Now, the Debtor is apparently trying to retain special counsel pursuant to 11 U.S.C. Section 327 (a) as a CRO to help liquidate the Debtor's assets and give this case an appearance of legitimacy.

7. The application must be denied and this case should have a chapter 11 trustee appointed who is truly an independent fiduciary to oversee the orderly liquidation of the assets, or the case should be converted or possibly dismissed. This relief will be the subject of a future motion and hearing.

8. The United States Trustee objects to Debtors' application to employ the CRO. The applicant not disinterested and the is no reason for the estate to incur additional professional fees unnecessarily until the case dispositive motions at ECF 20 and 25 as well as a Motion to Appoint a Chapter 11 Trustee or to Convert or Dismiss this case are adjudicated.

9. The retention application has several objectionable components, including, but not limited to an apparent conflict of interest.

10. On page 2 of the Motion, the Debtor asserts that the proposed CRO has no connection to with the creditors or other parties in interest, but as we already know, that is false. Mr. Farooq is the managing member of Lightray Capital which is apparently owned by Lightray Imaging and affiliated with Lightray Companies. Mr. Farooq is the CEO of the petitioning creditor as well as a principal of the entity that purportedly owns 100% of the Debtor stock and which paid the CRO's retainer as described in paragraphs 6 and 7 of ECF 18-1.

11. Paragraph 11 of the Affidavit states that the CRO will take direction from the Debtor, but it is unclear who is directing the Debtor. Is it the petitioning Creditor, Campion Maverick or is it Ligthray Capital, Lightray Imaging or Lightray Companies? And which entity directed that the vessel in Earnshaw not be returned to US Waters and held that vessel as a bargaining chip for the entry of an order converting the case to chapter 11? Was the proposed CRO consulted on that decision? Is that the role of a fiduciary?

12. Paragraph 2 of ECF 18-2 states that the CRO will take direction from the managing members, but there are no managing members as this entity is apparently by Earnshaw.

13. Paragraph 3 of the retention agreement provides that the CRO will not be responsible for the accuracy of the information provided, including the financial statements,

Schedules and Statement of Financial Affairs. Given the nature of this case as documented in ECF 19, 20 and 21, the importance and accuracy of the financial information is critical to this case. The retention agreement also provides that the agreement shall be governed by New York law despite agreeing to jurisdiction in Florida.

14.     The Debtor delayed this case by not timely filing its creditor matrix so the 341 meeting could not be set. The Debtor has sought an extension of time to file its Schedules and now the Debtor is seeking to retain a CRO nearly 4 weeks after the order for relief was entered. As stated at the July 27, 2017 hearing, these delay tactics and maneuvers all appear to be part of an orchestrated agenda.

15.     The United States Trustee requests that the hearing on the Application be continued until after a Motion to Appoint a chapter 11 trustee or in the alternative convert or dismiss the case is head as well as the hearings on ECF 28 and 35 are resolved.

WHEREFORE, the United States Trustee requests that the Court enter an order: I) denying Debtors' Applications; or in the alternative, ii) reschedule the hearing on the Application until or after the hearings ECF 19 and 20 and a Motion to Appoint a Chapter 11 Trustee, Convert or Dismiss the case, and iii) grant such other and further relief as is deemed just and proper.

I hereby certify that I am admitted to the Bar of the State of Illinois and the I am excepted from additional qualifications to practice in this Court pursuant to Local Rules 9011-4 and 2090(B)(2)(b) pertaining to attorneys representing the United States government.

DATED:  August 22, 2017

Guy G. Gebhardt
Acting United States Trustee
Region 21
__/s/_____
Steven D. Schneiderman, Esq.
Trial Attorney
U.S. Trustee's Office
51 SW 1st Ave. Miami, FL 33130
Phone: (305) 536-7285
Fax: (305) 536-7360

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTORS' EMERGENCY APPLICATION FOR THE EMPLOYMENT OF A CRO was served via CM/ECF or sent U.S. Mail, properly addressed and with correct postage to the following:

- Joel M. Aresty    aresty@mac.com
- Leyza F. Blanco    leyza.blanco@gray-robinson.com, Jennifer.Mahaffey@gray-robinson.com;Amador.Ruiz-Baliu@gray-robinson.com
- David H DeCelles    david.h.decelles@usdoj.gov
- Ronald Lewis    rlewis@beltlawyers.com, reception@beltlawyers.com;mj@beltlawyers.com;linda@beltlawyers.com;lindath714@gmail.com;r40624@notify.bestcase.com

Kurt F. Gwynne
1201 Market St #1500
Wilmington, DE 19801

**ONE57 79 Inc a New York Corporation**
3329 Flamingo Dr
Miami Beach, FL 33140

I hereby certify that I am admitted to the Bar of the State of Illinois and the I am excepted from additional qualifications to practice in this Court pursuant to Local Rules 9011-4 and 2090(B)(2)(b) pertaining to attorneys representing the United States government.

DATED:  August 22, 2017          Guy G. Gebhardt
                                 Acting United States Trustee
                                 Region 21


                                 __/s/_____
                                 Steven D. Schneiderman, Esq.
                                 Trial Attorney
                                 U.S. Trustee's Office
                                 51 SW 1st Ave.
                                 Miami, FL
                                 33130
                                 Phone: (305) 536-7285
                                 Fax: (305) 536-7360

Case 17-18433-RAM    Doc 32    Filed 08/22/17    Page 6 of 6